IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON HENDERESON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-22-617-C |
| ) | |
| EXPRESS CREDIT AUTO, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting claims for discrimination, hostile work environment, harassment and/or retaliation. Plaintiff also raised tort claims under Oklahoma law. Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

In its Motion, Defendant argues the Court lacks subject matter jurisdiction because Plaintiff did not file this action within 90 days of the date he received his Right to Sue Notice from the EEOC. Thus, Defendant asserts the Court lacks jurisdiction to consider the claims. Defendant also requests the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. In Response, Plaintiff notes his Complaint does not bring claims pursuant to Title VII but pursuant to 42 U.S.C § 1981. Plaintiff notes there is no administrative exhaustion requirement under § 1981 and therefore no requirement to file suit within 90 days of receiving a Right to Sue Notice. Plaintiff argues that pursuant to Fed. R. Civ. P. 12(b)(6) he has adequately pleaded a claim under § 1981. In Reply, Defendant continues to press its argument that the Court lacks jurisdiction

because Plaintiff failed to timely file as required by Title VII. Alternatively, Defendant argues that if Plaintiff attempts to proceed under § 1981, he has failed to meet the heightened pleading standard to state a claim under that statute. Finally, for the first time in its Reply, Defendant argues Plaintiff's state law claims are untimely. Defendant notes that while Plaintiff filed this action within two years of the alleged tort, he did not serve Defendant until well after the 2-year period had lapsed. On that basis, Defendant argues the state law claims should be dismissed as untimely.

Defendant's argument that the Court lacks subject matter jurisdiction is meritless. Plaintiff's Complaint clearly states it is brought to remedy wrongs pursuant to 42 U.S.C. § 1981. Nowhere in the Complaint is Title VII mentioned or relied upon as grounds for the action. As Plaintiff correctly notes, a § 1981 claim is not subject to the administrative filing requirements required for Title VII claims. See Meade v. Merchants Fast Motorline, Inc., 820 F.2d 1124, 1126 (10th Cir. 1987). Thus, there was no requirement for Plaintiff to file this action within 90 days of receiving the Right to Sue Notice.

To the extent Defendant argues Plaintiff has failed to meet a heightened pleading standard, the Court finds that argument fails. First, the Court is not persuaded that Comcast Corp. v. Nat'l Ass'"n of Afr. Am.-Owned Media, --- U.S. ---, 140 S. Ct. 1009 (2020), imposed some increased requirement. Rather, that case stands for the somewhat unremarkable position that a Plaintiff bringing a § 1981 claim must plead and prove that race was the "but for" factor in the employment decision. Id., at 1019. Here, the Court

finds Plaintiff has clearly satisfied that requirement at the pleading stage. Defendant's Motion will be denied on this issue.

Defendant also seeks dismissal of Plaintiff's state law claims. In its Motion, Defendant argued only that the Court should decline to exercise supplemental jurisdiction because the Court lacked jurisdiction of the federal law claims. For the first time in its Reply, Defendant argues the state law claims should be dismissed because Plaintiff did not serve Defendant prior to expiration of the statute of limitations.

Defendant's Motion fails on this issue. As noted above, the Court does have subject matter jurisdiction over Plaintiff's claims and the exercise of supplemental jurisdiction over the state law claims is consistent with the guidelines set forth in 28 U.S.C § 1367. Thus, dismissal for the reasons set forth in Defendant's Motion to Dismiss would be improper. As for Defendant's argument raised in its Reply brief, that argument fails for two reasons. First, the Court generally declines to consider issues raised for the first time in a Reply brief. Indeed, the rule in the Tenth Circuit is clear: "[a]n issue or argument insufficiently raised in a party's opening brief is deemed waived." SCO Grp., Inc. v. Novell, Inc., 578 F.3d 1201, 1226 (10th Cir. 2009). Second, Defendant's argument is premised on a fundamental misunderstanding of the law. Defendant does not dispute that Plaintiff filed this action within the limitations period. Defendant's argument is based only on the failure to effect service before expiration of the limitations period. Since adoption of the Oklahoma Pleading Code in 1984, an action is commenced with the filing

of the Petition. See Cornett v. Carr, 2013 OK 30, ¶ 7, 302 P.3d 769, 771. Thus, Defendant's arguments regarding service have no merit and its Motion will be denied.

For the reasons set forth herein, Defendant Express Credit Auto, LLC's Motion to Dismiss (Dkt. No. 13) is DENIED.

IT IS SO ORDERED this 6th day of December, 2022.

*Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge